| | |
|---|---|
| CITY OF CEDAR RAPIDS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>WELLS FARGO BROKERAGE SERVICES, )<br>L.L.C., )<br>)<br>Defendant. ) | CASE NO. 1:08-cv-00070<br><br>**COMPLAINT AND JURY DEMAND** |

Plaintiff City of Cedar Rapids, for its Complaint against Defendant Wells Fargo Brokerage Services, L.L.C., states as follows:

**PARTIES**

1. Plaintiff City of Cedar Rapids ("the City") is a municipal corporation organized and existing under the laws and constitution of the State of Iowa.

2. Wells Fargo Brokerage Services, L.L.C. ("Wells Fargo") is a foreign limited liability corporation with its principal place of business in Minneapolis, Minnesota.

**JURISDICTION**

3. Pursuant to 28 U.S.C. § 1331, this Court has federal question jurisdiction over the City's claims arising under the Securities Act of 1933, 15 U.S.C. § 77a *et seq*, and the Securities Exchange Act of 1934, 15 U.S.C. § 78a *et seq.*

4. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over the City's state law claims as such claims are so related to the federal claims that they form part of the same case or controversy.

## VENUE

5. Venue is proper pursuant to 28 U.S.C. 1391(b) and 15 U.S.C. § 77v, as a substantial part of the events or omissions giving rise to this lawsuit occurred in this district and Defendant Wells Fargo transacts business in this district and made an offer and sale of a security in this district.

## ALLEGATIONS COMMON TO ALL COUNTS

6. The City periodically purchases short term investments by informally soliciting banks and other financial institutions via email.

7. These investments include bank CDs and commercial paper, authorized for purchase by the City under Iowa law and the City's investment policy.

8. The City made such a solicitation on or about June 7, 2007, proposing to invest $2 million for a 180-day period.

9. Wells Fargo responded to the City's solicitation with an offer to sell an investment with an interest rate of 5.35%.

10. Wells Fargo's bid was the highest bid received.

11. Wells Fargo did not provide the City with an offering or placement memorandum or any other information explaining the nature of the security it was offering to sell.

12. On or about June 8, 2007, the City, relying on the expertise and recommendation of Wells Fargo, purchased for $1,948,700 a note in the face amount of $2,000,000 issued by Golden Key U.S. LLC.

13. Subsequently, the City received a trade confirmation that contained only the most basic information concerning the transaction, including the name of the issuer of the security

-2-

("Golden Key U.S. LLC"), the rating of the security, the amount of the security, the trade date, and the maturity date.

14. The trade confirmation did not identify or explain that the investment was a restricted, unregistered security appropriate only for purchase by a "Qualified Institutional Buyer" under SEC Rule 144A.

15. The trade confirmation did not identify or explain that the investment was an asset-backed commercial paper security, issued not by a corporate obligor, but rather by a structured investment vehicle, and that said security was backed by residential mortgages, including sub-prime mortgages.

16. The City is not a "Qualified Institutional Buyer" under SEC Rule 144A and was not eligible to purchase the restricted, unregistered security offered by Wells Fargo.

17. On or about August 17, 2007, the City received notice that Standard & Poor's had placed the securities on "CreditWatch Negative" and that Moody's had downgraded the securities to "Not Prime" status.

18. On or about August 20, 2007, the City received notice of the occurrence of an Enforcement Event triggered by Golden Key's unacceptable asset to debt ratio.

19. Only after the securities had been downgraded and the Enforcement Event had occurred did Wells Fargo provide the City with an offering memorandum that revealed the nature of the investment and its unsuitability for the City.

20. The Golden Key note failed to pay at its maturity date and is in default.

21. At the time that Wells Fargo offered the Golden Key security to the City, it was well known that sub-prime mortgage investments were very risky, despite their positive ratings.

## COUNT I
## TENDER OF SECURITIES UNDER SECTION 12
## OF THE SECURITIES ACT OF 1933 AND
## THE IOWA UNIFORM SECURITIES ACT
## (15 U.S.C. § 77l(a) AND IOWA CODE § 502.509(2)(a))

22. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 21 above.

23. Pursuant to 15 U.S.C. § 77l(a) and Iowa Code § 502.509(2)(a), the City hereby tenders to Wells Fargo the Golden Key security sold to it on or about June 8, 2007 and requests rescission of the purchase and reimbursement of the consideration paid.

## COUNT II
## VIOLATION OF THE REGISTRATION REQUIREMENTS
## OF SECTION 5 OF THE SECURITIES ACT OF 1933
## (15 U.S.C. § 77e)

24. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 23 above.

25. The Golden Key securities were not registered with the Securities and Exchange Commission.

26. Wells Fargo's sale of the Golden Key securities to the City violated Section 5 of the Securities Act of 1933, 15 U.S.C. § 77e.

27. The City is not a Qualified Institutional Buyer under SEC Rule 144A and was not eligible to purchase the Golden Key note.

28. No other exemption exists for the sale of the Golden Key securities to the City.

29. Pursuant to Section 12(1) of the Securities Act of 1933, 15 U.S.C. § 77l(a), the City is entitled to rescission of the purchase and Wells Fargo is liable to the City for the consideration paid by the City for the Golden Key securities with interest thereon.

WHEREFORE, Plaintiff City of Cedar Rapids prays for judgment in its favor and against Defendant Wells Fargo in an amount equal to the consideration paid for the Golden Key note plus interest thereon, for the costs of this action, and for such other and further relief as allowed by law.

## COUNT III
## VIOLATION OF THE ANTIFRAUD PROVISIONS OF SECTION 10(b) OF THE SECURITIES EXCHANGE ACT OF 1934 AND SEC RULE 10b-5
## MISREPRESENTATION
## (15 U.S.C. § 78j(b) AND 17 C.F.R. § 240.10b-5)

30. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 29 above.

31. Wells Fargo owed the City a duty to provide accurate and complete information concerning the securities it was offering.

32. Wells Fargo misrepresented to the City that the Golden Key note was a suitable investment for the City.

33. Wells Fargo failed to inform the City that the Golden Key note was a restricted, unregistered security appropriate only for purchase by a Qualified Institutional Buyer.

34. Wells Fargo failed to inform the City that the Golden Key note was an asset-backed commercial paper security, issued not by a corporate obligor, but rather by a structured investment vehicle, and that said security was backed by residential mortgages, including sub-prime mortgages.

35. Wells Fargo failed to inform the City that the City was not an eligible buyer of the Golden Key note.

36. These misrepresentations and omissions of fact were material.

37. These misrepresentations and omissions of fact were made in connection with the sale of a security.

38. Wells Fargo's acts and omissions were severely reckless.

39. The City justifiably relied upon the acts and omissions of Wells Fargo to its detriment.

40. Wells Fargo's fraudulent conduct was a proximate cause of damage to the City.

WHEREFORE, Plaintiff City of Cedar Rapids prays for judgment in its favor and against Defendant Wells Fargo for damages that are fair and just, for interests and costs, and for such other and further relief as allowed by law.

### COUNT IV
### VIOLATION OF THE ANTIFRAUD PROVISIONS OF SECTION 10(b) OF THE SECURITIES EXCHANGE ACT OF 1934 AND SEC RULE 10b-5
### UNSUITABILITY
### (15 U.S.C. § 78j(b) AND 17 C.F.R. § 240.10b-5)

41. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 40 above.

42. The Golden Key note purchased by the City was unsuited to the City's needs.

43. Wells Fargo knew or reasonably believed the Golden Key note was unsuited to the City's needs.

44. Wells Fargo recommended that the City purchase such security anyway.

45. Wells Fargo misrepresented that the Golden Key note was an appropriate investment for the City.

46. Wells Fargo failed to inform the City that the Golden Key note was a restricted, unregistered security appropriate only for purchase by a Qualified Institutional Buyer.

47. Wells Fargo failed to inform the City that the Golden Key note was an asset-backed commercial paper security, issued not by a corporate obligor, but rather by a structured investment vehicle, and that said security was backed by residential mortgages, including sub-prime mortgages.

48. Wells Fargo failed to inform the City that the City was not an eligible buyer of the Golden Key note.

49. These misrepresentations and omissions of fact were material.

50. These misrepresentations and omissions of fact were made in connection with the sale of a security.

51. Wells Fargo's acts and omissions were severely reckless.

52. The City justifiably relied upon the acts and omissions of Wells Fargo to its detriment.

53. Wells Fargo's fraudulent conduct was a proximate cause of damage to the City.

WHEREFORE, Plaintiff City of Cedar Rapids prays for judgment in its favor and against Defendant Wells Fargo for damages that are fair and just, for interests and costs, and for such other and further relief as allowed by law.

## COUNT V
## VIOLATION OF THE IOWA UNIFORM SECURITIES ACT
## (IOWA CODE § 502.509(2))

54. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 53 above.

55. Wells Fargo owed the City a duty to provide accurate and complete information concerning the securities it was offering.

56. Wells Fargo misrepresented to the City that the Golden Key note was an appropriate investment for the City.

57. Wells Fargo failed to inform the City that the Golden Key note was a restricted, unregistered security appropriate only for purchase by a Qualified Institutional Buyer.

58. Wells Fargo failed to inform the City that the Golden Key note was an asset-backed commercial paper security, issued not by a corporate obligor, but rather by a structured investment vehicle, and that said security was backed by residential mortgages, including sub-prime mortgages.

59. Wells Fargo failed to inform the City that the City was not an eligible buyer of the Golden Key note.

60. These misrepresentations and omissions of fact were material.

61. These misrepresentations and omissions of fact were made in connection with the sale of a security.

62. The City justifiably relied upon the conduct of Wells Fargo.

63. Wells Fargo's misrepresentations and omission of fact were a proximate cause of damages to the City.

WHEREFORE, Plaintiff City of Cedar Rapids prays for judgment in its favor and against Defendant Wells Fargo for damages that are fair and just, for the attorney fees incurred in pursuing this claim, for interests and costs, and for such other and further relief as allowed by law.

## COUNT VI
## BREACH OF FIDUCIARY DUTIES

64. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 63 above.

65. Wells Fargo knew that the City was relying on Wells Fargo's investment expertise in determining what investments to purchase.

66. Wells Fargo's relationship with the City was such that Wells Fargo was relied upon to exercise the utmost good faith, loyalty and honesty in recommending investments to the City.

67. Wells Fargo misrepresented to the City that the Golden Key note was an appropriate investment for the City.

68. Wells Fargo failed to inform the City that the Golden Key note was a restricted, unregistered security appropriate only for purchase by a Qualified Institutional Buyer.

69. Wells Fargo failed to inform the City that the Golden Key note was an asset-backed commercial paper security, issued not by a corporate obligor, but rather by a structured investment vehicle, and that said security was backed by residential mortgages, including sub-prime mortgages.

70. Wells Fargo failed to inform the City that the City was not an eligible buyer of the Golden Key note.

71. Wells Fargo's misrepresentations and omissions of fact constituted a breach of its fiduciary duties to the City.

72. Wells Fargo's breach of its fiduciary duties to the City was a proximate cause of damages to the City.

WHEREFORE, Plaintiff City of Cedar Rapids prays for judgment in its favor and against Defendant Wells Fargo for damages that are fair and just, for interests and costs, and for such other and further relief as allowed by law.

## COUNT VII
## COMMON LAW FRAUD

73. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 72 above.

74. Wells Fargo owed the City a duty to provide accurate and complete information concerning the securities it was offering.

75. Wells Fargo misrepresented to the City that the Golden Key note was an appropriate investment for the City.

76. Wells Fargo failed to inform the City that the Golden Key note was a restricted, unregistered security appropriate only for purchase by a Qualified Institutional Buyer.

77. Wells Fargo failed to inform the City that the Golden Key note was an asset-backed commercial paper security, issued not by a corporate obligor, but rather by a structured investment vehicle, and that said security was backed by residential mortgages, including sub-prime mortgages.

78. Wells Fargo failed to inform the City that the City was not an eligible buyer of the Golden Key note.

79. These misrepresentations and omissions of fact were material.

80. Wells Fargo acted, or omitted to act, with reckless disregard for the truth.

81. The City justifiably relied upon the fraudulent conduct of Wells Fargo to its detriment.

82. Wells Fargo's fraudulent conduct was a proximate cause of damage to the City.

WHEREFORE, Plaintiff City of Cedar Rapids prays for judgment in its favor and against Defendant Wells Fargo for damages that are fair and just, for interests and costs, and for such other and further relief as allowed by law.

## COUNT VIII
## NEGLIGENT MISREPRESENTATION

83. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 82 above.

84. Wells Fargo is in the business of supplying information to others and owed a duty of care to the City.

85. Wells Fargo acted negligently in representing to the City that the Golden Key note was an appropriate investment for the City and in omitting to inform the City that the note was a restricted, unregistered security appropriate only for purchase by a Qualified Institutional Buyer.

86. Such representations were false and such omissions of fact made Wells Fargo's statements and conduct misleading.

87. Wells Fargo's misrepresentations and omissions of facts were material.

-11-

88. The City justifiably relied upon the conduct of Wells Fargo.

89. Wells Fargo's negligent misrepresentations were a proximate cause of damages to the City.

WHEREFORE, Plaintiff City of Cedar Rapids prays for judgment in its favor and against Defendant Wells Fargo for damages that are fair and just, for interests and costs, and for such other and further relief as allowed by law.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38, Plaintiff City of Cedar Rapids demands a trial by jury of all issues triable of right by a jury.

/s/Jason M. Craig
Edward W. Remsburg (AT0006511)
Jason M. Craig (AT0001707)
AHLERS & COONEY, P.C.
100 Court Avenue, Suite 600
Des Moines, Iowa 50309-2231
Telephone: 515/243-7611
Facsimile: 515/243-2149
E-mail: eremsburg@ahlerslaw.com
jcraig@ahlerslaw.com
ATTORNEYS FOR PLAINTIFF

JCraig/ 581643.1 /MSWord/10120.118